IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WALTER SEYMORE, JR., <br> TDCJ #01752143, <br><br> Plaintiff, <br> VS. <br><br> SKIP CORNELIUS, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 3:17-CV-193 <br> § <br> § <br> § <br> § |

## ORDER OF DISMISSAL

Plaintiff Walter Seymore (TDCJ #01752143), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1). After reviewing the complaint as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed without prejudice** for the reasons that follow.

I.  BACKGROUND

Seymore is currently serving a 25-year sentence for murder. He challenged his conviction in the Houston Division by way of a federal habeas petition on the ground that he received ineffective assistance of counsel, and Judge Hittner granted the State's motion for summary judgment. *See* Southern District of Texas Case Number 4:14-CV-1346 at Docket Entry 26. Both Judge Hittner and Judge Southwick of the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. *See* Southern District of Texas Case Number 4:14-CV-1346 at Docket Entries 26 and 40. Seymore then

filed this Section 1983 lawsuit against his court-appointed defense counsel and a private investigator whom Seymore's counsel apparently utilized to investigate Seymore's case. Seymore contends that the attorney and investigator lied to the state court about the services they provided in order to inflate their fees (Dkt. 1 at p. 4). As Seymore tells it, the attorney and investigator represented to the state court that they had performed an extensive investigation of the circumstances surrounding Seymore's murder charge, but that representation is belied by the fact that Seymore's attorney "never presented one bit" of the evidence yielded by that alleged investigation when Seymore's case went to trial (Dkt. 1 at p. 4).

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like Seymore, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Seymore proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. THE *HECK* RULE

Seymore's complaint strikes the Court as a clear attempt to relitigate his ineffective-assistance-of-counsel claims. Seymore seeks, in effect, a declaration that his court-appointed lawyer failed to conduct an adequate pretrial investigation, which indeed was one of Seymore's primary claims on federal habeas. *See* Southern District of Texas

Case Number 4:14-CV-1346 at Docket Entry 26, page 2. The Court is wary that such a claim violates the *Heck* bar.

The *Heck* bar implements the principle that, to recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* The *Heck* rule can apply to actions for declaratory and injunctive relief as well as claims for damages. *Clarke v. Stalder*, 154 F.3d 186, 190–91 (5th Cir. 1998).

A judgment in Seymore's favor in this action would necessarily imply that Seymore's conviction was the result of a violation of his Sixth Amendment right to counsel—an outcome that Seymore is evidently shooting for. The Court concludes that Seymore's claims plainly implicate the *Heck* bar and must be dismissed. Because Seymore has already filed an unsuccessful federal habeas petition, the Court will not construe his claims as claims for habeas relief. In order to file another federal habeas

petition challenging his murder conviction, Seymore must obtain authorization from the Fifth Circuit. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

## IV. THE "COLOR OF STATE LAW" REQUIREMENT

Seymore's Section 1983 claim founders for another reason: he has not established that the defendants were acting under color of state law. "[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *see also Polk County v. Dodson*, 454 U.S. 312, 317–25 & n. 7 (1981). It is true that "private attorneys who have conspired with state officials may be held liable under section 1983 even though the state officials with whom they conspire are themselves immune from suit[.]" *Mills*, 837 F.2d at 679. However, Seymore alleges that his attorney and the private investigator conspired *against* state officials (i.e. they conspired to defraud the state court), not with them.

## V. VENUE

The Court's last concern is that this dispute probably belongs in the Houston Division. Seymore's complaint lists Harris County addresses for both of the defendants (as do the defendants' websites), and Seymore was prosecuted in Harris County (Dkt. 1 at pp. 3–4). However, given the other bars to Seymore's claims, the Court will dismiss the case without prejudice instead of transferring it.

## VI. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. This complaint is **DISMISSED WITHOUT PREJUDICE**.

2. All pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas on October 13, 2017.

*George C. Hanks*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE